UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-1261
_____

RAMON MONTOYA,

Petitioner-Appellant,

versus

JAMES COLLINS, Director
Institutional Division Texas
Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(March 24, 1993)

Before POLITZ, Chief Judge, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Ramon Montoya, scheduled to be executed after midnight tonight, Wednesday, March 24, 1993, has applied to this court for a certificate of probable cause to appeal. Concurrently, he seeks leave to appeal in forma pauperis and a stay of execution. This is his second appearance in our court, his earlier habeas appeal having been considered and denied in Montoya v. Collins, 955 F.2d 279 (5th Cir. 1992), reh'g denied, 959 f.2d 969, cert. denied, ___ U.S. ___, 113 S. Ct. 820 (1993). We deny CPC and a stay.

This court lacks jurisdiction to hear an appeal in this case unless a certificate of probable cause is granted. Fed. R. App. P. 22(b). To obtain a certificate of probable cause, Montoya must "make a substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 (1983). To sustain this burden, Montoya "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 493 n.4, 103 S. Ct. at 3394 n.4.

The procedural background of this case is related in the Fifth Circuit's above-cited previous opinion. After the decision in that appeal, Montoya was scheduled for execution before sunrise on January 27, 1993, and, having unsuccessfully proceeded for a second time through the state courts on a habeas petition, was granted a stay by the Supreme Court on January 26, pending disposition of his petition of certiorari. On February 22, 1993, the Supreme Court denied certiorari review and, on February 23, the trial court rescheduled Montoya's execution for March 25, 1993.

In this, his second federal habeas petition, Montoya raises a variant of the issue that the state and federal courts have previously rejected: that his Sixth Amendment rights were violated because "the state knowingly questioned the petitioner after he was represented by counsel in the absence of his counsel." In our previous opinion, we described his challenge as follows:

2

> Montoya argues first that his interrogation by the Dallas Police Department violated his right to counsel under the Sixth Amendment and the prophylactic rule of <u>Michigan v. Jackson</u>, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986).

<u>Montoya</u>, 955 F.2d at 282. Montoya's petition, filed in federal district court on March 23, 1993, as much as admits duplication, as it states:

> The petitioner recognizes that the Federal Courts frown upon successor petitions filed in state habeas corpus proceedings. However, the issue presented here was raised in an earlier petition and the decision at that time was based upon the petitioner's failure to affirmatively assert his right to counsel at the magistrate's hearing. This Court [sic], nor did any other court, reach the issue that the questioning of a defendant after he was represented by counsel once the Sixth Amendment rights had attached was a violation of his constitutional rights. This petition now gives this Court a second chance to enter the proper finding. Simply put, after the attachment of sixth amendment rights, a person represented by counsel cannot be interrogated without informing counsel.

There is no question that this filing of a federal petition for habeas relief constitutes an abuse of the writ or a successive petition under Rule 9(b), Rules Governing § 2254 Cases in the United States District Courts. Unless a petitioner shows cause and prejudice, a federal court may not reach the merits of successive claims, which raise grounds identical to grounds heard and decided on the merits in a previous petition, <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 106 S. Ct. 2616 (1986), or new claims, not raised in an earlier federal petition. <u>McCleskey v. Zant</u>, 499 U.S. ___, 111 S. Ct. 1454 (1991). However, "even if a state prisoner

3

cannot meet the cause and prejudice standard a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a 'miscarriage of justice.'" Sawyer v. Whitley, ___ U.S. ___, 112 S. Ct. 2514, 2518 (1992). The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer, ___ U.S. ___, 112 S. Ct. 2519. To fall within the actual innocence exception, a habeas petitioner must show either that the trier of facts would have entertained a reasonable doubt of his guilt, Kuhlmann v. Wilson, 477 U.S. 436, at 454 n.17, 106 S. Ct. 2616, 2627 n.17 (1986), or where the alleged error pertains to the sentencing phase of the capital trial, that no reasonable juror would have found the petitioner eligible for a death penalty under applicable state law. Sawyer v. Whitley, ___ U.S. at ___, 112 S. Ct. at 2517.

Montoya did not even allege in this second petition that he could establish cause and prejudice for failing to raise his newly-fashioned version of his Sixth Amendment claim in his previous petition. He has not even alleged, much less demonstrated, that a "miscarriage of justice" regarding actual innocence or "actual innocence of the death penalty" could be established in his case. This petition must accordingly be viewed as an abuse of the writ or an impermissible successive petition and may not be considered on its merits.

Further, because Montoya could have raised this issue at a much earlier date in his criminal proceedings, and because he has delayed raising it until 48 hours before the scheduled execution

4

time, it is arguable that even if the <u>McCleskey</u> test were satisfied, equity would prevent the granting of habeas relief. <u>Gomez v. United States District Court for the Northern District of California</u>, ___ U.S. ___, 112 S. Ct. 1652, 1653 (1992).

For these reasons, Montoya has raised no issue on which we may grant habeas corpus relief, hence, he has raised no issue capable of debate among reasonable jurists.

The motion to proceed <u>in forma pauperis</u> is <u>GRANTED</u>; motion for certificate of probable cause is accordingly <u>DENIED</u>; motion for stay of execution is <u>DENIED</u>.