IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31248
Summary Calendar
_____

JEWEL SPOTVILLE,

Plaintiff-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-2585-C
- - - - - - - - - -
October 30, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jewel Spotville, Louisiana prisoner # 76147, filed a 28 U.S.C. § 2254 petition claiming that he was convicted of aggravated rape by a nonunanimous jury verdict. The district court dismissed his petition as an abuse of the writ under Rule 9(b) of the Rules Governing Habeas Corpus Proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 487-96 (1990)(holding that new claims will be heard in a successive petition only upon showing cause and prejudice). The district court determined that Spotville failed to show cause for failing to raise the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying constitutional issue in any of his four previous petitions. Nevertheless, the district court granted a certificate of appealability (COA) on the underlying issue whether Spotville's counsel rendered ineffective assistance because he failed to object to the alleged nonunanimous jury verdict. Spotville also has filed a motion requesting copies of the trial transcripts and requesting in particular those portions of the transcript relating to the polling of the jury. He asserts that two members of the jury did not concur with the guilty verdict.

The district court has dismissed with prejudice Spotville's petition as procedurally barred and granted a COA on the underlying constitutional issue. When it granted the COA, the district court indicated that it had denied Spotville's petition. By contrast, the final judgment indicated a dismissal based on the Rule 9(b) bar. If Spotville's petition is barred by Rule 9(b), then the district court properly dismissed the petition and there was no need to address the underlying merits. *See Montoya v. Collins*, 988 F.2d 11, 12 (5th Cir. 1993). Because of this apparent inconsistency in the district court's rulings, the case is REMANDED to the district court for the limited purpose of clarifying its COA. Upon entering a clarifying order, the district court should return the case to this court for further proceedings.

REMANDED.